**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SJM MOTORCYCLES, LLC; ASA MURRAY and SANDRA MURRAY,<br><br>Plaintiffs,<br>v.<br><br>SENTRY SELECT INSURANCE COMPANY,<br><br>Defendant. | Case No.: 26-cv-14488 |

# DEFENDANT SENTRY SELECT INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PARTIALLY DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO SEVER AND STAY BAD FAITH CLAIM

Brian R. Ade, Esq. (017221980)
James C. Suozzo, Esq. (052451995)
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460
brian.ade@rivkin.com
james.suozzo@rivkin.com
*Attorneys for Defendant,*
*Sentry Select Insurance Company*

Edric S. Bautista, Esq.
(to be admitted *pro hac vice*)
**VON BRIESEN & ROPER, S.C.**
320 South Canal Street
Suite 3025
Chicago, Illinois 60606
(312) 977-9902
edric.bautista@vonbriesen.com

*Of Counsel and on the brief:*
James C. Suozzo, Esq.

# TABLE OF CONTENTS

**Page**


ALLEGATIONS OF COMPLAINT……………………………………………………………...1

LEGAL ARGUMENT AND CITATION TO AUTHORITY ........................................................ 2

MOTION TO DISMISS STANDARD ........................................................................ 2

POINT I ........................................................................................................ 2

COUNT THREE'S BREACH OF GOOD FAITH AND FAIR DEALING CLAIM MUST BE DISMISSED AS A MATTER OF LAW ........................................................ 2

POINT II ....................................................................................................... 5

ALTERNATIVELY, COUNT THREE SHOULD BE SEVERED FROM THE BREACH OF CONTRACT CLAIM AND ALL LITIGATION AND DISCOVERY RELATED TO BAD FAITH STAYED ........................................................................ 5

CONCLUSION .................................................................................................. 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abiona v. GEICO Indem. Co.*,
No. 15–6013, 2016 WL 1046791 (D.N.J. Mar. 16, 2016) ........ 6

*Ames v. USAA Life Ins. Co.*,
2018 WL 5634684 (D.N.J. Oct. 31, 2018) ........ 5, 6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 2

*Bayshore Recycling Corp*,
2020 WL 1986484 (D.N.J. Apr. 27, 2020) ........ 6, 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 2

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212 (3rd Cir. 2011) ........ 2

*Fox v. State Farm Fire & Cas. Co.*,
2021 WL 4398740 (D.N.J. Sept. 24, 2021) ........ 2

*J. Fletcher Creamer & Son, Inc. Hiscox Ins. Co., Inc.*,
2020 WL 2899499 (D.N.J. Jun. 2, 2020) ........ 7

*Legends Mgmt. Co. v. Affiliated FM Ins.*,
No. 16-1608, 2017 WL 4284491 (D.N.J. Sept. 26, 2017) ........ 6

*Lewis v. Gov't Emps. Ins. Co.*,
2019 WL 1198910 (D.N.J. Mar. 14, 2019) ........ 2, 3

*McMillian v. GEICO Indemn. Co.*,
2023 WL 7039535 (D.N.J. Oct. 26, 2023) ........ 3

*Pickett v. Lloyd's*,
131 N.J. 457 (1993) ........ 2, 4

*Port Liberte Homeowners Assocs., Inc. v. Lexington Ins. Co.*,
No. 16-7934, 2017 WL 1528697 (D.N.J. Apr. 25, 2017) ........ 6

*Procopio v. Gov. Employees Ins. Co.*,
80 A.3d 749 (N.J. Sup. Ct. App. Div. 2013) ........ 6

*Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*,
49 F. Supp. 2d 709 (D.N.J. 1999) ........ 6

*Shamrock Technologies Inc. v. Illinois Union Ins. Co.*,
2025 WL 3670535 (D.N.J. Dec. 17, 2025) ........ 2, 3, 4

*Snowden v. Standard Ins. Co.*,
2024 WL 1154471 (D.N.J. Mar. 18, 2024) .......... 4

*Spectrum Data Sys., LLC v. State Farm Ins. Co.*,
2019 WL 259605 (D.N.J. Jan. 18, 2019).......... 6

*Turner Const. Co. v. Brian Trematore Plumbing & Heating, Inc.*,
2009 WL 3233533 (D.N.J. Oct. 5, 2009) .......... 5

*Twin City Fire Ins. Co. v. Ovation Fund Servs., LLC*,
2019 WL 1275060 (D.N.J. Mar. 20, 2019) .......... 5

*White v. ABCO Eng'g Corp.*,
199 F.3d 140 (3d Cir. 1999) .......... 5

**Rules**

Fed. R. Civ. P. 12(b)(6).......... 1, 2, 5

Defendant Sentry Select Insurance Company ("Sentry"), by and through its attorneys, moves to dismiss the Third Count of the Complaint (Breach of the Covenant of Good Faith and Fair Dealing Claim) pursuant to Fed. R. Civ. Pro. 12(b)(6), or in the alternative, to sever and stay all litigation and discovery related to that Third Count, and in support states as follows:

## ALLEGATIONS OF COMPLAINT

In the Complaint, the Plaintiffs, a motorcycle dealership and its owners, allege that their insurer, Sentry, owed a duty to defend them in an underlying consumer protection action. The Complaint alleges that Sentry issued an insurance policy that provides Errors and Omission Coverage to the Plaintiffs. (**Exhibit A**, Complaint, ¶ 10). Specifically, the Errors and Omission Coverage allegedly provided coverage for "damages arising from negligent errors and omissions which result in civil violation of … [a]ny federal, state, or local Truth-In-Lending statute." (Id., ¶ 13). The Complaint alleges that, under such coverage, Sentry owed a duty to defend the Plaintiffs in an underlying action asserting that the Plaintiffs violated certain statutes and regulations by charging certain unitemized fees to customers in sales documents. (Id., ¶ 25, 29). The Complaint alleges that Sentry denied coverage for the underlying action except for providing a limited $25,000 coverage under the policy's Operations Defense Costs coverage. (Id., ¶ 33).

The First Count of the Complaint seeks a declaratory judgment that the Sentry policy provides coverage for the underlying action. (Id., ¶ 54). The Second Count of the Complaint alleges Sentry's failure to provide coverage and defense for the underlying action constitutes a breach of the insurance policy. (Id., ¶ 58). The Third Count of the Complaint alleges that Sentry breached its fiduciary duty and failed to act in good faith by "improperly denying a defense to [Plaintiffs]" and "denied a defense without any valid justification." (Id., ¶ 62, 63).

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

### MOTION TO DISMISS STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3rd Cir. 2011) (citing *Twombly*, *supra* at 555). "Mere restatements of the elements of a claim are not entitled to the assumption of truth." *Id*. at 224. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

### POINT I

### COUNT THREE'S BREACH OF GOOD FAITH AND FAIR DEALING CLAIM MUST BE DISMISSED AS A MATTER OF LAW

To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. *Pickett v. Lloyd's*, 131 N.J. 457, 453 (1993). "If a claim is 'fairly debatable,' no liability in tort will arise." *Id*. Under New Jersey law, "a breach of the covenant of good faith and fair dealing must not arise out of the same conduct underlying an alleged breach of contract action." *Shamrock Technologies Inc. v. Illinois Union Ins. Co*., 2025 WL 3670535, at *4 (D.N.J. Dec. 17, 2025) (quoting *Fox v. State Farm Fire & Cas. Co*., 2021 WL 4398740, at *8 (D.N.J. Sept. 24, 2021)). "In other words, a plaintiff cannot pursue both a breach of contract and bad faith claim when they are 'rooted in the same allegations.'" *Id*. (citing *Lewis*

*v. Gov't Emps. Ins. Co*., 2019 WL 1198910, at *3 (D.N.J. Mar. 14, 2019)).

In this case, the Third Count, alleging a breach of the implied covenant of good faith claim, is duplicative of the Second Count, alleging breach of contract. Both counts are premised on the same conduct by Sentry and rooted in the same allegations.[1] In particular, both counts allege that Sentry improperly denied coverage for the underlying action. The Second Count alleges that Sentry's failure to provide coverage and defend the underlying action breached the insurance contract. (Id., ¶ 58). Similarly, the Third Count alleges that Sentry "improperly den[ied] a defense to [Plaintiffs]" and "denied a defense without any valid justification." (Complaint, ¶ 62, 63). The Third Count should be dismissed because it realleges the conduct at issue in the breach of contract claim alleged in the Second Count. *Shamrock Technologies*, *supra* at *4-5 (dismissing bad faith claim where allegations of denying coverage despite clear policy language that provided coverage and allegations of insurer misrepresenting pertinent facts and policy provisions relating to coverage were duplicative of underlying breach of contract claim); *McMillian v. GEICO Indemn. Co*., 2023 WL 7039535, *5-6 (D.N.J. Oct. 26, 2023) (dismissing breach of implied covenant of good faith claim that did not rest on "separate and distinct" allegations from the breach of contract claim).

In addition, the Third Count lacks sufficient allegations to support the elements of a breach of the implied covenant of good faith claim. The Complaint does not allege that Sentry knew that its denial was unreasonable or that it recklessly disregarded its unreasonable conduct. The Complaint does not allege facts to plausibly suggest that Sentry knew that its denial was unreasonable or that it recklessly disregarded its unreasonable conduct. Conclusory allegations that Sentry failed to consider all claims and damages alleged in the underlying action fail to state

---

[1] Indeed, both Counts begin with the exact same paragraph incorporating all prior paragraphs' allegations: "SJM repeats the previous allegations in the complaint." (Complaint, ¶ 55, 59).

a breach of implied covenant of good faith claim upon which relief can be granted. *Shamrock Technologies*, *supra* at *5 (dismissing bad faith claim where complaint did not allege that the insurer knew its processing delays were unreasonable or that it recklessly disregarded its unreasonable conduct).

Furthermore, pursuant to the "fairly debatable" standard in a breach of implied covenant of good faith claim, "a plaintiff must establish as a matter of law a right to summary judgment on the substantive claim" even at "the motion to dismiss stage." *Snowden v. Standard Ins. Co.*, 2024 WL 1154471, *3 (D.N.J. Mar. 18, 2024) (citing *Pickett v. Lloyd's*, 131 N.J. 457, 454 (1993)). Here, the Third Count fails to maintain a claim because the Complaint does not establish as a matter of law that Sentry's denial lacked a "fairly debatable" reason or that Sentry knew or recklessly disregarded the lack of a reasonable basis for denying the claim. The Complaint does not show the absence of material issues of disputed fact regarding Sentry's reasons for denying coverage. Indeed, the Complaint fails to show as a matter of law that Sentry owed a duty to defend the Underlying Action in the first place. Plaintiffs acknowledge that the underlying action does not explicitly allege violation of a "Truth-In-Lending" statute as stated in the Sentry policy. (Complaint, ¶ 23, 40). For this reason alone, the Complaint cannot show there are no material issues of disputed fact regarding Sentry's reasons for denying coverage. In other words, the omission of a "Truth-In-Lending" violation in the underlying action gives rise to a material issue of disputed fact regarding whether Plaintiffs were entitled to coverage and Sentry's reasons for denying coverage. Plaintiffs also allege that the purpose or goals of the statutes and regulations at issue in the underlying action are similar to those of the "Truth-In-Lending" statute. However, the Complaint does not show why such a statutory comparison is necessary to trigger coverage or that Sentry knowingly or recklessly disregarded such a statutory comparison in denying coverage. In

short, the Third Count does not establish the absence of a reasonable basis for denying coverage as a matter of law.

For these reasons, the Third Count fails to state a cause of action and must be dismissed pursuant to Rule 12(b)(6).

## POINT II

## ALTERNATIVELY, COUNT THREE SHOULD BE SEVERED FROM THE BREACH OF CONTRACT CLAIM AND ALL LITIGATION AND DISCOVERY RELATED TO BAD FAITH STAYED

Alternatively, if this Honorable Court determines that dismissal is inappropriate at this time, it should sever Count Three and stay all litigation and discovery related to the bad faith claim. Plaintiffs are not entitled to simultaneous discovery for both its coverage claims and the bad faith claims. Rather, under well-established New Jersey law, the severance and stay of Plaintiffs' bad faith claims is warranted based on interests of judicial economy and efficiency and to avoid prejudice to Sentry.

"Severing claims under Rule 21 is appropriate where the claims to be severed are discrete and separate in that one claim is capable of resolution despite the outcome of the other claim." *Ames v. USAA Life Ins. Co.*, 2018 WL 5634684 at *1 (D.N.J. Oct. 31, 2018) (quoting *Turner Const. Co. v. Brian Trematore Plumbing & Heating, Inc.*, 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009)). The effect of ordering severance is to separate the claims into "independent actions with separate judgments entered in each." *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999) (internal quotation marks omitted). "Courts consider the same factors in deciding a motion to sever under Rule 21 as they do in resolving a motion to bifurcate under Rule 42(b)." *Twin City Fire Ins. Co. v. Ovation Fund Servs., LLC*, 2019 WL 1275060, at *2 (D.N.J. Mar. 20, 2019).

Courts consider the following prior to making this discretionary determination:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted.

*Bayshore Recycling Corp*, 2020 WL 1986484 at *1 (D.N.J. Apr. 27, 2020); *see also Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999) ("The decision to sever a claim or to try it separately is left to the discretion of the trial court.").

Given that the "fairly debatable" standard necessitates a ruling on coverage prior to the adjudication of a bad faith claim, courts in the District of New Jersey have opined that it is "[n]o surprise, then, that severance and stay of bad faith claims has been called the 'prevailing practice' in both the state and federal courts of New Jersey." *Port Liberte Homeowners Assocs., Inc. v. Lexington Ins. Co.*, No. 16-7934, 2017 WL 1528697, at *2 (D.N.J. Apr. 25, 2017) (quoting *Abiona v. GEICO Indem. Co.*, No. 15–6013, 2016 WL 1046791, at *4 (D.N.J. Mar. 16, 2016)); *see also Spectrum Data Sys., LLC v. State Farm Ins. Co.*, 2019 WL 259605, at *2 (D.N.J. Jan. 18, 2019) ("It is common practice in both state and federal court to sever 'breach of insurance contract claims from bad faith claims ... and ... [to] proceed[ ] with the bad faith claims [only] if necessary following the adjudication of the contract claim.' " (alterations in original) (quoting *Legends Mgmt. Co. v. Affiliated FM Ins.*, No. 16-1608, 2017 WL 4284491, at *2 (D.N.J. Sept. 26, 2017)); *Procopio v. Gov. Employees Ins. Co.*, 80 *A.*3d 749, 751-53 (N.J. Sup. Ct. App. Div. 2013) (holding that the trial court abused its discretion in ordering discovery to proceed simultaneously on an insured's claim for underinsured motorist benefits and bad faith claim).

Consequently, discovery on the bad faith claim should wait until the question of coverage is resolved. *See Ames*, 2018 WL 5634684, at *3 ("Plaintiff's bad faith discovery distracts from, and will undoubtedly delay, the resolution of the primary focus of the case, i.e., whether plaintiff's ... claim should be paid."). A majority of courts agree that bad faith claims regularly demand different witnesses and documentary proof from breach of contract claims. *See, J. Fletcher Creamer & Son, Inc. Hiscox Ins. Co., Inc.,* 2020 WL 2899499, at *5 (D.N.J. Jun. 2, 2020) *(citing*, *Bayshore Recycling Corp v. ACE Am. Ins. Co.*, 2020 WL 1986484, at *2 (D.N.J. Apr. 27, 2020) ("Discovery relating to claims personnel, claims handling procedures and guidelines, and best practices is not directly relevant to the contract claims ....").

In considering the prospect of prejudice to either the insured or insurer, courts in the District of New Jersey have held that "the expedient resolution of the breach of contract claim best serves the interests of both parties as the expansive and contentious discovery necessitated by the bad faith claim may distract from the coverage questions at the foundation of this case." *J. Fletcher Creamer,* 2020 WL 2899499, at *5, citing *Bayshore Recycling Corp.*, 2020 WL 1986486, at *2 ("Judicial economy and efficiency will be promoted by avoiding potentially expensive and time-consuming discovery on the bad faith claim. Plaintiff's coverage claim should be the focus of the case at this time."); and *Ames*, 2018 WL 5634684, at *3 ("If defendant has to litigate plaintiff's bad faith claim now, defendant would suffer a significant expenditure of time and money, generally rendered needless if it prevails" (internal quotation marks omitted)). For the foregoing reasons, this Court should sever and stay Count Three pending the resolution of the breach of contract claims.

## CONCLUSION

The Third Count alleging a breach of good faith and fair dealing must be dismissed as a matter of law on multiple grounds. First, the Third Count is duplicative of the Second Count, alleging breach of contract. Both counts are premised on the same conduct by Sentry and rooted in the same allegations. The District Courts of New Jersey repeatedly hold that dismissal of breach of implied covenant of good faith claims is appropriate where they do not rest on "separate and distinct" allegations from the breach of contract claims. Second, the Third Count lacks sufficient, non-conclusory allegations to support the elements of a breach of implied covenant of good faith claim. Plaintiffs' Complaint does not allege that Sentry knew that its denial was unreasonable or that it recklessly disregarded its unreasonable conduct. For the foregoing reasons, Count Three should be dismissed.

Alternatively, under well-established New Jersey case law, Sentry is entitled to severance and stay of discovery on Plaintiffs' bad faith claim because the insured is not entitled to simultaneous discovery for both their coverage claims and bad faith claims. Severance and stay of Plaintiffs' bad faith claims is further warranted based on interests of judicial economy and efficiency and to avoid prejudice to the insurer Sentry.

Dated: November 9, 2026

Respectfully submitted,

**RIVKIN RADLER LLP**
*Attorneys for Defendant,*
*Sentry Select Insurance Company*

By: /s/ James C. Suozzo
Brian R. Ade, Esq. (017221980)
James C. Suozzo, Esq. (052451995)
25 Main Street, Suite 501

Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460
brian.ade@rivkin.com
james.suozzo@rivkin.com

Edric S. Bautista, Esq.
(to be admitted *pro hac vice*)
**VON BRIESEN & ROPER, S.C.**
320 South Canal Street
Suite 3025
Chicago, Illinois 60606
(312) 977-9902
edric.bautista@vonbriesen.com